IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SANTOS FRANCIS MURCIA NAVARRO, § <br> INDIVIDUALLY AND AS NEXT FRIEND § <br> OF K.R.N., a Minor § <br> *Plaintiffs* § <br> § <br> V. § <br> § <br> RUDY GARCIA & § <br> ISS ACTION, INC. § <br> *Defendants* § | CIVIL ACTON NO. 7:22-cv-0307 |

### **DEFENDANT ISS ACTION INC.'S MOTION FOR A MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ISS Action, Inc., and files this Motion for a More Definite Statement, as authorized by Federal Rule of Civil Procedure 12(e), and show the Court the following:

**I.**
**STATEMENT OF THE CASE**

This action was commenced on August 1, 2022, in the 398th District Court of Hidalgo County, Texas. Plaintiff asserts claims against Defendant ISS Action, Inc. for negligence and respondent superior. *See Plaintiff's Original Petition*. Defendant ISS Action Inc. timely removed this suit to federal court on August 29, 2022, based on diversity jurisdiction and federal officer jurisdiction. Defendant ISS Action, Inc. now moves for a more definite statement from Plaintiff as his claims are so vague and undefined that Defendant ISS. Action, Inc. is unable to file a responsive pleading.

## II.
## **ARGUMENTS AND AUTHORITIES**

Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests. Fed.R. Civ. P 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(e) motion for definite statement is appropriate where a complaint is so vague or ambiguous that a party cannot reasonably prepare or be required to frame a response. *See* Fed. R. Civ. P. 12(e). A Rule 12 (e) motion should be granted where a pleading fails to specify the allegations in a manner that provides sufficient notice. *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002)

In this case, Plaintiff's claims that Defendant ISS. Action, Inc. is liable for negligent hiring, training, and supervision of Defendant Rudy Garcia. *See* Dkt. No.1-4, at 3. Plaintiff further alleges Defendant ISS Action, Inc. failed to implement safety protocols and properly transport Plaintiff Karla Ramirez Navarro. *Id* at 4. To make out a claim of negligent hiring, training, supervision, or retention under Texas law, a plaintiff must show: (1) the employer owed the plaintiff a legal duty to hire, supervise, train, or retain competent employees; (2) the employer breached that duty; and (3) the breach proximately caused the plaintiff's injury. *EMI Music Mexico, S.A. de C. V. v. Rodriguez*, 97 S.W.3d 847, 858 (Tex. App.—Corpus Christi 2003, no pet.). However, Plaintiff does not plead any facts regarding the hiring, training, supervision, or retention of its employees, how Defendant ISS Action Inc., failed to properly transport Karla Ramirez Navarro or how any acts or omissions proximately caused any injury. Plaintiff's allegations are mere legal conclusions that fail to provide Defendant ISS Action, Inc. with sufficient notice under the governing pleading standards. *See Twombly*, 550 U.S. at 555.

Plaintiff also alleges that Defendant Rudy Garcia was on a mission for the commercial benefit of ISS Action. Plaintiff's Original Petition at 3. The word "mission" is broad, vague, and

ambiguous, and fails to apprise Defendant ISS Action, Inc. of what activity, if any, it was engaged in at the time of the alleged assault.

Because the Plaintiff's allegations fail to plead any facts that provide Defendant ISS Action, Inc. with sufficient notice of the claims against it, the Court should grant Defendant ISS Action, Inc.'s motion for definite statement regarding these claims.

**III.**
**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, Defendant ISS Action, Inc., respectfully moves this Court to grant their 12(e) Motion for a More Definite Statement.

Respectfully Submitted,

By: */s/ Miguel A. Saldaña*
**MIGUEL A. SALDAÑA**
State Bar No. 17529450
Federal ID No. 54700
6770 W. Expressway 83, Ste. 301
Harlingen, Texas 78552
E-Mail: msaldana@wabsa.com
Telephone: (956) 647-5122
Facsimile: (956) 647-5421

**OF COUNSEL:**

**WALSH GALLEGOS TREVIÑO**
**KYLE & ROBINSON P.C.**

                                         **ATTORNEY IN CHARGE FOR DEFENDANT:**

                                         **ISS ACTION, INC.**

By:   */s/ Katie E. Payne*
       **KATIE E. PAYNE**
       State Bar No. 24071347
       Federal ID No.: 1786856
       Oak Park
       1020 N.E. Loop 410, Suite 450
       San Antonio, Texas 78209
       Telephone: (210) 979-6633
       Facsimile: (210) 979-7024
       E-mail: kpayne@wabsa.com

**OF COUNSEL:**

**WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON P.C.**

By:   */s/ Kacey M. Villafuerte*
       **KACEY M. VILLAFUERTE**
       State Bar No. 24114493
       Federal ID No. 3690258
       6770 W. Expressway 83, Ste. 301
       Harlingen, Texas 78552
       E-Mail: kvillafuerte@wabsa.com
       Telephone: (956) 647-5122
       Facsimile: (956) 647-5421

**OF COUNSEL:**

**WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON P.C.**

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 2nd day of September, 2022, a true and correct copy of the foregoing *Motion for More Definitive Statement* was electronically filed with the Clerk of the Court using CM/ECF system and has been served on Plaintiff's counsel of record, pursuant to Federal Rules of Civil Procedure as follows:

**ATTORNEY FOR PLAINTIFF:**
Mr. Lino H. Ochoa
Law Office of Lino H. Ochoa
6316 N 10th Street
Building D, Suite 102
McAllen, Texas 78504
***Via E-Mail:*** *service@linoslaw.com*

                                              */s/ Miguel A. Saldaña*
                                              Miguel A. Saldaña