IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISCTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANTOS FRANIS MURCIA NAVARRO, INDIVIDUALLY AND AS NEXT FRIEND OF K.R.N., a minor<br>     *Plaintiffs*,<br><br>vs.<br><br><br>RUDY GARCIA & ISS ACTION, INC.,<br>     *Defendant* | §§§§§§§§§§§§ | CIVIL ACTION NO.<br>7:22-cv-0307<br><br><br>(JURY) |

**SUBJECT TO PLAINTIFFS' MOTION TO REMAND, IS PLAINTIFFS' RESPONSE AND MEMORANDUM TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

### A. INTRODUCTION

1. Defendant, ISS Action, Inc. (hereinafter "ISS" or "Defendant") moved for a more definite statement under Federal Rule of Civil Procedure 12(e). [Dkt. 3].

2. Plaintiffs respectfully ask that the Court deny Defendant's Motion For a More Definite Statement.

### B. ARGUMENT

3. Motions for a more definite statement are disfavored and should be granted only when the challenged pleading is so unintelligible that a responsive pleading cannot be framed. *Buick v. World Savings Bank*, 565 F.Supp. 2d 1152, 1160 (E.D. Cal. 2008). "[Motion]s for a more definite statement are generally disfavored." *Russel v. Grace Presbyterian Village*, No. 3:05-cv-0030, 2005 U.S. Dist. LEXIS 44730, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005)(citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC. & PROC. §1377 (2d ed.1990)); see also 5c WRIGHT & MILLER,

FEDERAL PRAC. & PROC. ¶1376, AT 306 (3D ED.2004)("The 1948 Amendment of Federal Rule 12(e) makes it clear that the availability of a motion for more definite statement is quite restricted").

4. In order to be granted all or part of pleading "is so vague or ambiguous that the party cannot reasonably prepare a response. FED.R.CIV.P.12(e). The Court should not require plaintiffs to amend their complaint with a more definite statement because defendant can either admit or deny the complaint's allegations.

5. "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Russell*, 2005 U.S. Dist. LEXIS 44730, 2005 WL 1489579, at *3 (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.,* No. 3:05-cv-1809, 2006 U.S.Dist. LEXIS 86952, 2006 WL 3442057M AT *4 (N.D. Tex. Nov. 29, 2006) (citing *Mitchell*, 269 F.2d at 130).

6. Furthermore, when seeking more information in pleadings that can easily be clarified and developed during discovery, an order directing plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel*, 453 F.Supp. 2d 961, 972 (N.D. Tex. 2006) (citing Mitchell, 269 F.2d at 132). "A motion for more definite statement should not be used as a substitute for discovery; it should be used as a remedy for unintelligible pleadings, not for correcting a lack of detail." *Residents v. Zone*, 2017 U.S.Dist. 70523m at *15 (S.D. Tex. May 9, 2017)(citing *Davenport v. Rodriguez*, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001)).("[T]he form and sufficiency of a statement of a claim for relief under Rule 8 (a)(2) may be tested…by a motion for a more definite statement[.]"), "[a] court

should only grant a motion for more definite statement when the complaint is 'so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Residents*, 2017 US.Dist. 70523, at *15 (S.D. Tex. May 9, 2017)(citation omitted).

7. In Defendant's Motion for a More Definite Statement., Defendants alleges that Plaintiffs do not plead any facts regarding their claim against them for negligent hiring, training, supervision or retention. This request is what discovery is for as it can be developed in written discovery and depositions. Plaintiffs' complaint/petition is not "unintelligible," "excessively vague," or "ambiguous" as to prevent Defendant from framing a responsive pleading.

## C. CONCLUSION

8. Because Plaintiffs have sufficiently alleged facts in the complaint, the Court should deny Defendant's Motion for a More Definite Statement.

Respectfully submitted this 19th day of September 2022.

**LAW OFFICE OF LINO H. OCHOA**

By: _____
Lino H. Ochoa
State Bar No. 00797168
6316 N. 10th St.
Building D, Suite 102
McAllen, TX 78504
Telephone No.: 956/815-0055
Telecopier No.: 956/504-9882
E-mail: service@linoslaw.com

## **CERTIFICATE OF SERVICE**

I, Lino H. Ochoa, hereby certify and affirm that a true and correct copy of the above and foregoing instrument has been forwarded to the below counsel of record via the Court's ECF system (e-filing system) on this 19th day of September 2022, and in accordance with the Federal Rules of Civil Procedure.

**MIGUEL A. SALDANA**
6770 W. Expressway 83, Ste. 301
Harlingen, Texas 78552
E-Mail: msaldana@wabsa.com
Telephone: (956) 647-5122
Facsimile: (956) 647-5421
*OF COUNSEL:*
*WALSH GALLEGOS TREVINO*
*KYLE & ROBINSON P.C.*

**KATIE E. PAYNE**
Oak Park
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
Email: kpayne@wabsa.com
Telephone: (210) 979-6633
Facsimile: (210) 979-7024
*OF COUNSEL:*
*WALSH GALLEGOS TREVINO*
*KYLE & ROBINSON P.C.*

*ATTORNEY FOR*
*DEFENDANT*
*ISS ACTION, INC*

**RUDY GARCIA**
13748 MULBERRY ROAD
SABASTIAN, TEXAS 78594

*DEFENDANT*

By: /s/ Lino H. Ochoa
      Lino H. Ochoa